1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9   RUBEN DIAZ HURTADO DE LA CRUZ,          No.  1:25-cv-01508-KES-SKO (HC)

10                  Petitioner,

11         v.                                ORDER DENYING MOTION FOR
                                             TEMPORARY RESTRAINING ORDER AND
12  KRISTI NOEM, Secretary of the United     DISMISSING PETITION FOR WRIT OF
    States Department of Homeland Security;  HABEAS CORPUS WITH LEAVE TO
13  PAMELA BONDI, Attorney General of the    AMEND
    United States; EXECUTIVE OFFICE FOR
14  IMMIGRATION REVIEW; TODD M.              Docs. 1, 4
    LYONS, Acting Director of United States
15  Immigration and Customs Enforcement; and
    CHRISTOPHER CHESTNUT, Warden of
16  the California City Detention Center,

17                  Respondents.

18

19         Petitioner Ruben Diaz Hurtado De La Cruz is an immigration detainee proceeding with a

20  petition for writ of habeas corpus, Doc. 1, and motion for temporary restraining order, Doc. 4.

21  She argues in both filings that she has a statutory right to a bond hearing because 8 U.S.C.

22  § 1226(a) applies to her.  The Court finds, as explained below, that 8 U.S.C. § 1231(a) and its

23  implementing regulations govern her detention, not 8 U.S.C. § 1226(a).  Accordingly, the motion

24  for temporary restraining order is denied, and the petition for writ of habeas corpus is dismissed

25  with leave to amend.

26  **I.     Background**

27         The petition for writ of habeas corpus, which is not verified, sets out the following

28  pertinent facts.  *See* Doc. 1.  Petitioner is a noncitizen who has resided in the United States since

                                              1

1   2002. *Id.* ¶ 1. On June 11, 2013, she was ordered removed by an immigration judge, and she was

2   also granted withholding of removal. *Id.* ¶¶ 3, 47; *see* Doc. 4-2 (EOIR automated case

3   information showing that petitioner was ordered removed on June 11, 2013). The Department of

4   Homeland Security ("DHS") did not appeal the removal order or the order granting withholding

5   of removal. Doc. 1 at ¶ 4.

6       Petitioner was free from immigration detention from 2013 until October 7, 2025, when

7   Immigration and Customs Enforcement ("ICE") re-detained her. *Id.* ¶¶ 1, 5. Petitioner is now

8   detained at California City Detention Center. *Id.* ¶ 2.

9   **II.     Procedural History**

10      Petitioner filed a petition for writ of habeas corpus, Doc. 1, and a motion for temporary

11  restraining order, Doc. 4, in the United States District Court for the Central District of California

12  on October 31, 2025. Petitioner argues in both of those filings that she is entitled to a bond

13  hearing pursuant to 8 U.S.C. § 1226(a). *See* Docs. 1, 4. Respondents filed an opposition the

14  same day, arguing that 8 U.S.C. § 1225(b)(2)(A) applies to her and mandates her detention. *See*

15  Doc. 7. On November 5, 2025, the United States District Court for the Central District of

16  California transferred the case to this district as venue was appropriate here because petitioner is

17  detained in this district. Docs. 14, 15.

18      The Court requested supplemental briefing on the issue of whether 8 U.S.C. § 1231, rather

19  than sections 1225 or 1226, applies to petitioner's detention. Doc. 18. The parties filed

20  supplemental briefs on November 12, 2025, addressing this issue. Docs. 20, 22. While petitioner

21  maintains her position that 8 U.S.C. § 1226(a) applies, respondents have now taken the position

22  that 8 U.S.C. § 1231 applies. *See* Docs. 20, 22.

23  **III.    Legal Standard**

24      As the petition for writ of habeas corpus and motion for temporary restraining order raise

25  the same claim, and the Court finds that claim to be without merit, the Court will proceed directly

26  to the merits of the petition. *See* Fed. R. Civ. P. 65(a)(2) ("Before or after beginning the hearing

27  on a motion for a preliminary injunction, the court may advance the trial on the merits and

28  consolidate it with the hearing."); *see also* 28 U.S.C. § 2243 ("The court shall summarily hear and

1    determine the facts, and dispose of [a petitioner's habeas petition] as law and justice require.");

2    *Dzhabrailov v. Decker*, No. 20-CV-3118 (PMH), 2020 WL 2731966, at *4 (S.D.N.Y. May 26,

3    2020) (considering preliminary injunction and merits of habeas petition simultaneously).  A writ

4    of habeas corpus may be granted to a petitioner who demonstrates that she is in custody in

5    violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  A district court considering

6    an application for a writ of habeas corpus shall "award the writ or issue an order directing the

7    respondent to show cause why the writ should not be granted, unless it appears from the

8    application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

9        **IV.    Discussion**

10        The issue here is whether 8 U.S.C. § 1226(a) or 8 U.S.C. § 1231 applies to petitioner.  If

11    the answer is section 1231, then petitioner's claim that she is entitled to a bond hearing under

12    section 1226(a) is without merit.

13        Section 1226(a) applies "pending a decision on whether the alien is to be removed from

14    the United States."  8 U.S.C. § 1226(a).  Section 1231, on the other hand, applies once a

15    noncitizen is "ordered removed."  8 U.S.C. § 1231(a).  Section 1226 thus "governs the detention

16    of aliens until § 1231's 'removal period' begins."  *Johnson v. Guzman Chavez*, 594 U.S. 523, 534

17    (2021).  The parties do not appear to dispute that petitioner was "ordered removed" and that her

18    removal period began long ago.  *See* Doc. 1 at ¶ 47; Doc. 22.  However, petitioner argues

19    section 1231 does not apply to her because she was granted withholding of removal.  *See* Doc. 22

20    at 2–3.

21        Petitioner's argument is inconsistent with the Supreme Court's decision in *Johnson v.

22    Guzman Chavez*, 594 U.S. 523 (2021), and the Ninth Circuit's earlier holding in *Padilla-Ramirez

23    v. Bible*, 882 F.3d 826 (9th Cir. 2017), which found that section 1231, rather than section 1226(a),

24    governed the detention of a noncitizen who was subject to a final order of removal even though

25    the petitioner remained in withholding-only proceedings.

26        In *Padilla-Ramirez*, the Ninth Circuit explained that the question was whether the

27    noncitizen's reinstated order of removal in that case was "administratively final": "If it is, then

28    section 1231(a) controls. If not, then section 1226(a) provides the only authority for detaining

1    him." *Padilla-Ramirez*, 882 F.3d at 830–31.  The Court concluded that the removal order was

2    administratively final for detention purposes even though the individual was in withholding of

3    removal proceedings, because "a grant of withholding will only inhibit the order's execution with

4    respect to a particular country." *Id.* at 832.  The Ninth Circuit held that section 1226(a) did not

5    apply because the "decision on whether the alien is to be removed" was not "pending." *Id.*

6    (quoting 8 U.S.C. § 1226(a)).  "The fact that the government may still remove [the petitioner],

7    albeit to an alternate country, even if he is granted withholding confirms that the decision

8    identified in section 1226(a) has already been made—he is 'to be removed *from the United*

9    *States*.'" *Id.* (quoting 8 U.S.C. § 1226(a)).

10        In *Guzman Chavez*, the Supreme Court addressed a circuit split on the issue of whether

11    section 1231 or section 1226(a) applied when a final order of removal was in effect but the

12    noncitizen was in withholding of removal proceedings, and it resolved the split consistent with

13    the Ninth Circuit's holding in *Padilla-Ramirez*.  *Guzman Chavez*, 594 U.S. at 533.  In *Guzman*

14    *Chavez*, the noncitizens had re-entered the country after having been removed pursuant to an

15    order of removal.  *See id.* at 532.  When immigration authorities reinstated the prior orders of

16    removal, the noncitizens applied for withholding of removal.  *See id.* at 532.  The noncitizens in

17    that case argued that even though section 1231 normally governed the detention of those with

18    existing orders of removal, section 1231 "ceases to apply when such an alien pursues

19    withholding-only relief." *Id.* at 535.  They argued that was the case because "an immigration

20    judge or the BIA might determine that DHS cannot remove an alien to the specific country

21    designated in the removal order, [so] the question whether the alien is 'to be removed' remains

22    'pending' and is therefore governed by § 1226." *See id.* at 535.

23        The Court in *Guzman Chavez* rejected that argument, holding that section 1231, rather

24    than section 1226, applied for detention purposes in such circumstances.  *Id.* at 533, 535–36.  The

25    Court explained that withholding of removal relief is "country-specific." *Id.* at 536; *see* 8 C.F.R.

26    § 208.22 (explaining that a noncitizen in "removal proceedings who is granted withholding of

27    removal . . . may not be deported or removed to the country to which his or her deportation or

28    removal is ordered withheld").  "If an immigration judge grants an application for withholding of

4

1  removal, he prohibits DHS from removing the alien *to* that particular country, not *from* the United

2  States." *Guzman Chavez*, 594 U.S. at 536.  A grant of withholding relief thus "relates to where an

3  alien may be removed," but "[i]t says nothing, however about the antecedent question *whether* an

4  alien is to be removed."  *Id.*

5       A grant of withholding relief "means only that, notwithstanding the order of removal, the

6  noncitizen may not be removed to the designated country of removal . . . ." *Nasrallah* v. *Barr*,

7  140 S. Ct. 1683, 1691 (2020).[1]  This is because removal orders and withholding of removal orders

8  "address two distinct question[s]"—a removal order determines that a noncitizen can be removed

9  *from* the United States, while a withholding of removal order identifies a country *to which* a

10  noncitizen may not be removed.  *Guzman Chavez*, 594 U.S. at 539.  Removal proceedings and

11  withholding proceedings "end in two separate orders, and the finality of the order of removal does

12  not depend in any way on the outcome of the withholding-only proceedings."  *Id.*  In *Guzman*

13  *Chavez*, the Court found that the noncitizens' "argument—that the decision about whether an

14  alien 'is to be removed' remains 'pending' for purposes of § 1226 until DHS is certain that it will

15  be able to carry out that removal—is at odds with the statutory text of § 1231[,]" as well as case

16  law.  *Id.* at 537.  The fact that petitioners had been "ordered removed" pursuant to

17  administratively final removal orders brought the individuals under section 1231 for detention

18  purposes and rendered section 1226 inapplicable.

19       The *Guzman-Chavez* and *Padilla-Ramirez* decisions foreclose petitioner's argument that

20  section 1226(a) applies to her detention.  Petitioner argues that, although her order of removal is

21  final, unlike the individuals in those cases she was not previously removed and she is subject to

22  an initial order of removal, not a reinstated order of removal.  Additionally, petitioner notes that

23  she was granted withholding of removal, while the parties in those cases were still pending their

24  withholding of removal proceedings.  However, these distinctions do not change the fact that

25  _____

26  [1] Procedurally, being "ordered removed" is a necessary condition for a grant of withholding of
   removal.  As the BIA has explained, "[a]lthough entering an order of removal prior to granting

27  withholding may appear to be a technicality, . . . [i]t is axiomatic that in order to withhold
   removal there must *first* be an order of removal that can be withheld."  *Matter of I-S- & C-S-*, 24

28  I. & N. Dec. 432, 433 (BIA 2008).

section 1226(a) no longer applies because the "decision on whether [petitioner] is to be removed" is no longer "pending." *Padilla-Ramirez*, 882 F.3d at 832.  Petitioner was "ordered removed" within the meaning of section 1231.  "[T]he finality of [her] order of removal does not depend in any way" on the fact that she was subsequently granted withholding of removal. *Guzman Chavez*, 594 U.S. at 539.  As petitioner's order of removal is final, she is no longer subject to section 1226(a).

While the grant to petitioner of withholding of removal prohibits the government from removing her to the country designated by that order, it does not prevent her removal from the United States. *Id. at* 537.  As the Ninth Circuit held in *Padilla-Ramirez*, "[t]he fact that the government may still remove [the noncitizen], albeit to an alternate country, even if he is granted withholding confirms that the decision identified in section 1226(a) has already been made—he is 'to be removed *from the United States*.'" *Id.*  Petitioner's detention is therefore under section 1231.  As her claim in her petition is based solely on her argument that section 1226(a) applies to her detention, she has failed to state a claim upon which relief can be granted.

## V.    Dismissal with Leave to Amend

As addressed above, petitioner is subject to detention under section 1231, not section 1226(a).  As the petition raises only the argument that she is entitled to a bond hearing under section 1226(a), and that section does not apply, the petition must be dismissed.  However, "a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).  Petitioner conclusorily notes in her supplemental filing that "she is well beyond the removal period" and, therefore, "is not required to be detained and, in fact, should be allowed release on supervision," Doc. 20 at 3, but she does not address this argument in her petition or in her motion.  To the extent petitioner may be able to state a tenable claim that she is entitled to relief based on a ground other than her section 1226(a) argument, including due to the circumstances or timing of her re-detention or the length of such detention, the Court will dismiss the petition with leave to amend.

**VI.    Conclusion and Order**

Accordingly, the motion for temporary restraining order, Doc. 4, is DENIED, and the petition for writ of habeas corpus, Doc. 1, is DISMISSED WITH LEAVE TO AMEND. Petitioner may file an amended petition within 30 days of the date of this Order.

IT IS SO ORDERED.

Dated:    November 17, 2025

_____
UNITED STATES DISTRICT JUDGE